KING, C.J.,
 

 for the Court:
 

 ¶ 1. Sarah Manning sued Frank Gruich Jr. (Gruich), Gruich Pharmacy Shoppe, and the Estate of Frank Gruich Sr. in the Circuit Court of Harrison County to recover for an injury she sustained by falling at the pharmacy. The jury returned a verdict in favor of Gruich. On appeal, Manning argues that the trial court erred by excluding a set of photographs depicting subsequent remedial measures. Finding no error, we affirm.
 

 
 *393
 
 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Gruich owns Gruich Pharmacy Shoppe in Biloxi, Mississippi. Upon entering the pharmacy, patrons must step from the parking lot onto the sidewalk, which is three-and-a-half-inches high. For years, there was a green indoor/outdoor carpet that led from the parking lot to the front door of the pharmacy. The carpet was glued to the cement, and the edge of the carpet was folded over the curb.
 

 ¶ 3. On April 2, 2003, Manning went to the pharmacy to fill a prescription. Manning attempted to step onto the sidewalk, fell, and broke her left leg. Manning was rushed to the hospital. She waited there for hours before she received medical care. Then, she was transported to an out-of-state hospital for surgery. During this ordeal, Manning almost lost her leg. There is also evidence that she acquired further complications with her leg, which occurred in a subsequent surgery. Ultimately, the damage caused to Manning’s leg left her physically disabled.
 

 ¶ 4. On January 5, 2004, Manning filed a lawsuit in the Circuit Court of Harrison County against Gruich, alleging that her injury was caused by his negligence in maintaining his premises. Specifically, Manning argued that because the carpet was folded over the curb, she could not determine the height necessary to step onto the sidewalk. Manning also argued that the cement underneath the carpet was lumpy and that the carpet was not level.
 

 ¶5. In preparation for trial, Manning took three sets of photographs of the area of her fall. The first set of photographs was taken within a few weeks of the incident and showed the carpet as it existed at the time of her fall. The photographs also showed that the curb to the left of the carpet was painted blue, indicating a handicap-accessible area; and the curb to the right of the carpet was painted yellow. The second set of photographs was taken approximately three months after the incident and showed changes that had been made to the carpet. At that time, the lip of the carpet had been removed, and the part of the curb that was once covered by the carpet was painted yellow. The third set of photographs was taken after Hurricane Katrina. Because of the hurricane, Gruich completely removed the carpet, which exposed the concrete that once lay underneath the carpet.
 

 ¶ 6. Before trial, Gruich filed a motion in limine to exclude any evidence of subsequent remedial measures, specifically the second set of photographs. Manning argued that the photographs were admissible (1) for purposes of impeachment, (2) to show the feasibility of precautionary measures, and (3) to show the condition of the carpet at the time of the incident. The trial court ruled that: (1) there was no testimony to impeach; (2) Manning could present her theory regarding precautionary measures without questioning Gruich about subsequent remedial measures; and (3) the second set of photographs did not show the carpet as it existed at the time of Manning’s fall. Accordingly, the trial court granted Gruich’s motion to exclude the second set of photographs. All other photographs were admitted into evidence.
 

 ¶ 7. After hearing the evidence, the jury returned a verdict in favor of Gruich. Thereafter, Manning filed a motion for a new trial, and the trial court denied her motion. Aggrieved, Manning appeals and argues that the trial court erred by excluding the second set of photographs.
 

 STANDARD OF REVIEW
 

 ¶8. The admission or exclusion of evidence is left to the sound discretion of the trial court.
 
 Tunica County v. Matthews,
 
 926 So.2d 209, 217 (¶18) (Miss.2006).
 
 *394
 
 Thus, we will not disturb the trial court’s ruling absent a finding of abuse of discretion.
 
 Id.
 

 ANALYSIS
 

 ¶ 9. In regard to subsequent remedial measures, Mississippi Rule of Evidence 407 provides that:
 

 When, after an event, measures are taken which, if taken previously, would have made the event less likely to occur, evidence of the subsequent measures is not admissible to prove negligence or culpable conduct in connection with the event. This rule does not require the exclusion of evidence of subsequent measures when offered for another purpose, such as proving ownership, control, or feasibility of precautionary measures, if controverted, or impeachment.
 

 Manning argues that the second set of photographs was offered (1) for the purposes of impeachment, (2) to show the feasibility of precautionary measures, and (3) to show the condition of the carpet at the time of the incident.
 

 I. Impeachment
 

 ¶ 10. Manning maintains that when asked about changes to the carpet, Gruich testified falsely in his answer to interrogatories and in his deposition. Thus, Manning contends that she should have been allowed to impeach Gruich during the trial. Gruich argues that he has always given truthful responses; thus, he could not be impeached.
 

 ¶ 11. In pertinent part, impeachment is defined as “[t]he act of discrediting a witness, as by catching the witness in a lie.... ” Black’s Law Dictionary (8th ed.2004). This Court recognized the impeachment exception to Rule 407 in
 
 Alexander v. Greer,
 
 959 So.2d 586 (Miss.Ct. App.2007). In
 
 Alexander,
 
 a driver hit a pedestrian.
 
 Id.
 
 at 587 (¶ 2). Shortly after the accident, the driver went to an eye doctor and complained that he had trouble focusing.
 
 Id.
 
 at 588 (¶ 7). The trial court granted the driver’s motion in limine to exclude this evidence because it was a subsequent remedial measure.
 
 Id.
 
 During the trial, the driver testified that he did not have any vision problems.
 
 Id.
 
 at 591 (¶21). This Court found that the trial court should have allowed the evidence of the doctor’s visit in for impeachment purposes.
 
 Id.
 
 at (¶ 22). Unlike the defendant in
 
 Alexander,
 
 Gruich did not testify falsely on the stand.
 

 ¶ 12. Manning propounded requests for interrogatories to Gruich in 2004. In the interrogatories, Manning asked Gruich to provide dates and descriptions of any changes made to the building and/or sidewalk. Gruich responded that a handicap ramp had been installed ten years ago. Gruich alleges that at the time of his response, he did not know that Manning was complaining about the carpet.
 

 ¶ 13.- During the deposition, Gruich was asked whether any changes had been made to the building since 1994. He responded that a handicap ramp was installed. Manning’s counsel inquired whether any other changes had been made to the outside of the building, and Gruich responded that four posts were installed in front of the windows. Then, Manning’s counsel specifically asked: “Have you made any changes to the green carpet since April of 2003?” Gruich responded that the lip of the carpet was removed in the summer of 2003 and explained as follows:
 

 If you notice, [the carpet] folds over and went down. That part every now and then wouldn’t stay glued too good but it wasn’t bulging out where somebody could trip. But we couldn’t get it to stay there glued because it would keep coming up a little bit. So when I had
 
 *395
 
 my friends paint the parking lot yellow and the blue and all that, we ended up cutting that off of there, just cut it off and got rid of it.
 

 Gruich admitted in his deposition that the carpet had been altered.
 

 ¶ 14. Manning was not allowed to question Gruich about the subsequent remedial measures. However, our review of the record does not show that Gruich gave any false testimony related to this matter during the trial. Thus, we find that the impeachment exception to Rule 407 does not apply in this case. This issue lacks merit.
 

 II. Feasibility of Precautionary Measures
 

 ¶ 15. Manning’s theory of the case was that there should have been a color transition between the curb and the carpet, making it easier to gauge the height of the curb. Manning argues that the second set of photographs was necessary to show the effectiveness of such a warning. Gruich argues that this exclusion only applies if the defendant disputes the feasibility of precautionary measures. In response, Manning claims that Gruich did state that a warning was not necessary.
 

 ¶ 16. Rule 407 provides that evidence of subsequent remedial measures does not require exclusion when offered to show the “feasibility of precautionary measures, if controverted....” M.R.E. 407. During the trial, Gruich testified that he always thought that the carpet was safe. However, at no time did Gruich controvert the feasibility of precautionary measures.
 

 ¶ 17. Manning complains that she was not allowed to present her theory of the case concerning the effectiveness of a color transition. Manning did not provide an expert on this matter. However, Manning’s counsel was allowed to question Gruich about the painted curb during cross-examination.
 

 ¶ 18. Gruich testified that the left side of the curb was painted blue to indicate handicap accessibility. He testified that there was no specific reason why the right side of the curb was painted yellow; it had been painted yellow for years. Manning’s counsel asked Gruich whether he thought that painting the curb yellow would make it easier for a patron to gauge the height of the step. Gruich responded: “Not necessarily, no.” Manning’s counsel asked Gruich whether he agreed that removing the carpet would make it easier to gauge the height of the curb, and Gruich disagreed. Gruich did agree that if the carpet had been bulging, it would be a dangerous situation. In addition, the first set of photographs, which were admitted into evidence, clearly showed that the curb to the left of the carpet was blue, and the curb to the right of the carpet was yellow.
 

 ¶ 19. Gruich disagreed that either painting the curb or removing the carpet would make it easier for patrons to gauge the height of the step. However, this does not equate to a dispute of the feasibility of precautionary measures. Gruich simply did not believe that these measures would help; he did not dispute the fact that they could be done. Because Gruich did not dispute whether precautionary measures could be taken and Manning was allowed to question Gruich about her theory of the case, we find that this exception to Rule 407 does not apply. This argument is without merit.
 

 III. The Condition of the Carpet
 

 ¶ 20. Manning claims that the second set of photographs was necessary to show the condition of the carpet at the time of her fall. Manning also argues that she should have been allowed to ask Gruich why he removed the lip of the carpet.
 

 
 *396
 
 ¶ 21. Manning’s claims have nothing to do with the condition of the carpet at the time of her fall. The trial court allowed the first set of photographs into evidence, and these photographs accurately depicted the condition of the carpet at the time of the incident. The trial court also allowed the third set of photographs into evidence, and these photographs showed the condition of the concrete that lay directly beneath the carpet.
 

 ¶ 22. The second set of photographs showed that the lip of the carpet had been removed. The second set of photographs do not accurately depict the condition of the carpet at the time of Manning’s fall. Instead, these photographs depict a subsequent remedial measure, which we find the trial court properly excluded. This issue is also without merit.
 

 CONCLUSION
 

 ¶ 28. The trial court did not abuse its discretion by excluding the second set of photographs because the photographs depicted subsequent remedial measures. None of the exclusions to Rule 407 apply in this case because:
 

 I. Gruieh’s testimony did not require impeachment;
 

 II. Gruich did not dispute the feasibility of precautionary measures, and Manning was allowed to present her theory of the case; and
 

 III. The second set of photographs depicted subsequent remedial measures and did not depict the condition of the carpet at the time of Manning’s fall.
 

 Therefore, we affirm the judgment in favor of Gruich.
 

 ¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF HARRISON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. MAXWELL, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.